KENNETH A. KUWAYTI (CA SBN 145384)
Email: KKuwayti@mofo.com
TERESA N. BURLISON (CA SBN 230854)
Email: TBurlison@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600

Attorneys for Plaintiff
KASSIM ABDULKHALIK

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASSIM ABDULKHALIK, Individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, and Does 1-20, inclusive,<br><br>Defendant. | Case No. '08 CV 1515 LAB NLS<br><br>COMPLAINT FOR DAMAGES<br><br>42 U.S.C. § 1983 and Pendent State Law Claims<br><br>JURY TRIAL DEMANDED |

Plaintiff Kassim Abdulkhalik ("Plaintiff" or "Mr. Abdulkhalik") alleges the following claims against the City of San Diego arising from an incident of police brutality.

## INTRODUCTION

This case arises out of the unwarranted and excessive use of force by the San Diego Police Department ("SDPD") against Kassim Abdulkhalik, a 20 year old San Diego State University student. On August 20, 2007, without justification or provocation, a SDPD police officer threw Mr. Abdulkhalik to the ground and, after Mr. Abdulkhalik said that he was in pain, deliberately slammed his head into the pavement. Mr Abdulkhalik then was handcuffed and, without explanation or cause, taken to a detoxification center where he was detained for approximately five hours. Yet Mr. Abdulkhalik was not intoxicated, and the SDPD never even opted to subject

him to a field sobriety test, breathalyzer test, or any other test for assessing blood alcohol level or intoxication. And although he was beaten, taken into police custody and detained for five hours without medical attention, he never has been charged with any crime in connection with these events. No crime, in fact, had been committed.

## JURISDICTION AND VENUE

1.  This action arises under Title 42 of the United States Code, § 1983. This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343.

2.  The pendent state claims alleged in this action arise from the same facts as the federal claims, such that all claims alleged would ordinarily be prosecuted in a single action. This Court therefore has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.  All events alleged in this action occurred in the County of San Diego, California. Venue therefore lies in this Court under 28 U.S.C. § 1391(b)(2).

4.  Within six months of the events subject to this lawsuit, Plaintiff filed a claim against the City of San Diego in accordance with California Government Code § 910 et. seq. The City rejected the claim in its entirety, and notified Plaintiff of this rejection on April 8, 2008. Plaintiff is filing this action within six months of the City's rejection of Plaintiff's claim, as required by California Government Code § 945.6.

## PARTIES

5.  Plaintiff Kassim Abdulkhalik is an individual who lives in San Diego, California. He is a student at San Diego State University and was 20 years old at the time these events took place. At all times relevant to this lawsuit, Mr. Abdulkhalik resided at 6535 Saranac Street in San Diego, California.

6.  Defendant City of San Diego includes the San Diego Police Department.

7.  Plaintiff is unaware of the true names and capacities of Defendants Does 1 through 20, and therefore sues them under fictitious names. For instance, as of the filing of this complaint, the assaulting officer's true identity is not known or readily ascertainable because, among other things, Plaintiff has not received a copy of any police report or incident report. Only

the assaulting officer's badge number is believed to be known – badge number 3264. Plaintiff is informed and believes, and on that basis alleges, that Does 1 through 20 were each responsible for the injuries and damages suffered by Plaintiff. Plaintiff will amend the complaint to substitute the true names of Does 1 through 20 if and when he learns those names.

8. In carrying out the acts and omissions alleged, Defendants and each of them acted as the agent, employee, and/or in concert with all other Defendants.

9. In carrying out the acts and omissions alleged, Defendants and each of them acted within the course and scope of their employment for the City of San Diego, under color of authority, and under color of law.

**FACTUAL ALLEGATIONS**

10. On August 20, 2007, Plaintiff Kassim Abdulkhalik was standing outside his home, located at 6535 Saranac Street in San Diego, California, with several friends, including Andrew Envent and Zachary McBeth. Messers. Abdulkhalik, Envent and McBeth were students at nearby San Diego State University. They and some friends recently had returned from a house party across the street that the police had disbanded because of noise violations. As the last squad car drove down Saranac Street, Mr. Envent yelled an obscenity after it. The squad car stopped abruptly and an officer with the SDPD believed to be bearing badge number 3264 got out and told Messrs. Abdulkhalik, Envent and McBeth to approach his squad car. Mr. Abdulkhalik declined and peaceably turned towards his home. Without cause or warning, the police officer then grabbed Mr. Abdulkhalik by the back of his shirt, threw him to the sidewalk on his stomach, and pinned him to the ground. Fearful, Mr. Abdulkhalk did not struggle and did not use any profanity. He did, however, tell the police officer that he was in pain. The officer stated, "it's about to get a whole lot worse" and without any provocation slammed Mr. Abdulkhalik's head face-first onto the hard sidewalk, causing Mr. Abdulkhalik pain and physical injury. Mr. Abdulkhalik then was handcuffed.

11. At the time of this incident, Mr. Abdulkhalik was not intoxicated. Indeed, the SDPD was not even compelled to test his blood alcohol level or to conduct any form of field sobriety test on him.

12. Shortly after the assault on Mr. Abdulkhalik, two other SDPD officers arrived by squad car. Without any explanation or cause, these officers placed a handcuffed Mr. Abdulkhalik into their car and drove him to a detoxification center located at 1111 Island Street in San Diego. Mr. Abdulkhalik did not physically resist detention and was very respectful of the officers. The officers had Mr. Abdulkhalik detained at the detoxification center for approximately five hours.

13. Mr. Abdulkhalik did not receive any medical attention at the detoxification center.

14. Though Mr. Abdulkhalik was beaten, taken into police custody and detained for five hours without medical attention, the SDPD never charged him with any crime in connection with the events that took place on August 20, 2007. In fact, Mr. Abdulkhalik had not committed any crime.

15. On or about August 20, 2007, Mr. McBeth filed a complaint of harassment with the SDPD against the assaulting officer believed to be bearing badge number 3264. The SDPD never contacted Mr. Abdulkhalik in connection with this complaint and never bothered to tell Mr. McBeth how his complaint was addressed – if at all.

16. As a result of his assault, Mr. Abdulkhalik suffered physical and emotional injuries and had to seek medical attention. He also missed work and, accordingly, lost wages. Moreover, Mr. Abdulkhalik's beating was oppressive, malicious, and done with a willful and conscious disregard of his rights and safety, justifying an award of punitive damages. Defendants' detention of Mr. Abdulkhalik also was oppressive, malicious, and done with a willful and conscious disregard of his rights and safety, justifying an award of punitive damages.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Does 1-20)**

17. Plaintiff incorporates the preceding paragraphs as if set forth here in full.

18. Defendants Does 1-20, at least one of whom, on information and belief, is known to Plaintiff by his SDPD badge number, violated Mr. Abdulkhalik's right not to be detained without probable cause under the Fourth Amendment of the United States Constitution, and not to be deprived of liberty and property without due process of law under the Fourteenth Amendment to the United States Constitution. In addition, Defendants Does 1-20 have violated Mr.

1  Abdulkhalik's Fourth Amendment right to be free from the use of excessive and unnecessary
2  force, and their act of depriving Mr. Abdulkhalik of medical care and attention also violated the
3  Fourth and Fourteenth Amendments.
4      19.    These violations are compensable pursuant to 42 U.S.C. § 1983. As a result of
5  this conduct by Does 1-20, Mr. Abdulkhalik has suffered physical and emotional harm.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## (Against Defendant City of San Diego)

8      20.    Plaintiff incorporates the preceding paragraphs as if set forth here in full.
9      21.    Defendant City of San Diego effectively has condoned and ratified the use of
10  excessive and unnecessary force and other violations of constitutional rights of persons in San
11  Diego by failing to thoroughly investigate such violations, punish those responsible, and modify
12  its training, procedures, and policies to prevent the recurrence of same, which caused the violation
13  of Kassim Abdulkhalik's rights. By ratifying and condoning the violation of its citizens'
14  constitutional rights, including the rights of Mr. Abdulkhalik, Defendant City of San Diego has
15  encouraged the future use of excessive force and other constitutional violations.

## THIRD CAUSE OF ACTION
## Assault and Battery
## (Against Defendants Does 1-20)

18      22.    Plaintiff incorporates the preceding paragraphs as if set forth here in full.
19      23.    Defendants Does 1-20, at least one of whom presently is known to Plaintiff by his
20  SDPD badge number, intentionally touched Kassim Abdulkhalik.
21      24.    Defendants Does 1-20 used unreasonable and excessive force to detain and take
22  Mr. Abdulkhalik into custody.
23      25.    Mr. Abdulkhalik did not consent to the use of force against him.
24      26.    Mr. Abdulkhalik was injured as a result of Defendants Does 1-20's use of force
25  against him.
26      27.    Defendants Does 1-20's use of unreasonable and excessive force against Mr.
27  Abdulkhalik was a substantial factor in harming him.
28

**FOURTH CAUSE OF ACTION**
**Violation of Constitutional and Civil Rights**
**California Civil Code § 52.1**
**(Against All Defendants)**

28. The California Constitution, Article I, § 7 and § 13, guarantees the right of persons to be free from unlawful detention and excessive force.

29. Defendants' acts and omissions violated Kassim Abdulkhalik's rights to be free from unlawful detention and excessive force.

30. These violations are compensable pursuant to California Civil Code § 52.1. As a result of Defendants' conduct, Plaintiff suffered physical and emotional harm.

**FIFTH CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

31. Plaintiff incorporates the preceding paragraphs as if set forth here in full.

32. Defendants were negligent, and that negligence caused harm to Plaintiff. Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other things:

(a) Using excessive force against Plaintiff, which would not have been done by a reasonable police officer;

(b) Detaining Plaintiff without legal cause, which would not have been done by a reasonable police officer;

(c) Failing to devote a reasonable and sufficient amount of time and service to training and supervising the individual law enforcement officer defendants regarding the proper method of detaining individuals. No reasonable officer would have engaged in such conduct.

**SIXTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

33. Plaintiff incorporates the preceding paragraphs as if set forth here in full.

34. Defendants engaged in outrageous conduct with the intent of causing Kassim Abdulkhalik emotional distress and in reckless disregard of the probability of causing him emotional distress.

35. Defendants' outrageous conduct caused Mr. Abdulkhalik to suffer severe and extreme emotional distress.

### SEVENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

33. Plaintiff incorporates the preceding paragraphs as if set forth here in full.

34. Defendants engaged in negligent conduct and such conduct caused Mr. Abdulkhalik to fear for his personal well being and suffer serious emotional distress.

### RELIEF REQUESTED

38. For the foregoing reasons, Plaintiff requests the following relief:

   A. General and special damages according to proof;

   B. Exemplary damages;

   C. Costs and attorney's fees under 42 U.S.C. § 1988 and California Civil Code § 52.1;

   D. Such other relief as the Court deems proper.

Dated: August 18, 2008

KENNETH A. KUWAYTI
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: _____
Kenneth A. Kuwayti

Attorneys for Plaintiff
E-mail: KKuwayti@mofo.com

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: August 18, 2008

KENNETH A. KUWAYTI
TERESA N. BURLISON
MORRISON & FOERSTER LLP

By: _____
Kenneth A. Kuwayti

Attorneys for Plaintiff
E-mail: KKuwayti@mofo.com

pa-1250959

8

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

       # 154181      - TC

        August 18, 2008
           15:59:46


          Civ Fil Non-Pris
    USAO #.: 08CV1515
    Judge..: LARRY A BURNS
    Amount.:              $350.00 CK
    Check#.: BC



       Total->   $350.00



    FROM: KASSIM ABDULKHALIK
          VS
          CITY OF SAN DIEGO
```

**ORIGINAL**

✦JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
08 AUG 18 PM 3:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**I. (a) PLAINTIFFS**
KASSIM ABDULKHALIK, Individually

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS**
CITY OF SAN DIEGO, and Does 1-20, inclusive

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
'08 CV 1515 LAB NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983
Brief description of cause:
Plaintiff was taken into police custody without cause and unconstitutionally deprived of his liberty.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE ___  DOCKET NUMBER ___

DATE: 8/18/08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 154181   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

TAR 8/18/08

BY FAX