1
2
3
4
5
6
7
8                           **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   KASSIM ABDULKHALIK,                    )    Civil No. 08cv1515 MMA (NLS)
                                            )
12                          Plaintiff,      )    **ORDER DENYING DEFENDANT'S**
     v.                                     )    **MOTION FOR RECONSIDERATION**
13                                          )
     CITY OF SAN DIEGO, SERGEANT JOEL       )    [Doc. No. 58]
     MCMURRIN, and Does 2-20, inclusive,    )
14                                          )
                           Defendants.      )
15   _____    )

16          Before the court is defendant City of San Diego's (the City's) motion for reconsideration of an

17   order regarding compliance with an underlying order on a motion to compel.  The court notes what

18   began as a standard civil rights case with relatively straightforward discovery requirements turned into a

19   muddle of discovery.  The City lacked diligence is responding to discovery, so that responses and

20   documents that Plaintiff demanded at the beginning of the year still sit without response.  For responses

21   the City did provide, Plaintiff learned he could not rely on them because the City changed some of its

22   responses and objections, even after it litigated a motion to compel.  These discovery issues are long

23   overdue for finality.  The City--through its own actions--has unnecessarily complicated the discovery

24   demands of this case.  For the reasons explained in this order, the court **DENIES** the City's motion for

25   reconsideration.

26                                  <u>**RELEVANT BACKGROUND**</u>

27          On May 27, 2009, this court issued an order granting in part and denying in part Plaintiff Kassim

28   Abdulkhalik's motion to compel responses to discovery. [Doc. No. 38.]  The court overruled almost all

1    of the City's objections and assertions of privilege in response to the discovery requests.  The court then

2    ordered the City to produce all responsive documents and interrogatory answers by June 8, 2009.

3          On June 8, the City provided a fifth supplemental response to the discovery requests.  While the

4    City produced some responsive documents, it failed to follow the court's order to respond to all the

5    discovery requests and instead asserted--for the first time--that several records were unavailable.  The

6    City had never argued or even mentioned in the underlying motion to compel that the records were

7    unavailable.

8          By June 30, the City had still not provided adequate responses to Plaintiff's discovery requests.

9    Consequently, Plaintiff filed a motion for compliance with the May 27 Order and requested sanctions.

10   [Doc. No. 40.] The City filed an opposition and requested oral argument.  The court held nearly one

11   hour of oral argument on the motion for compliance.  The court issued an order on August 28, 2009 that

12   ordered the City to take the following actions:

13   •    Have the Assistant Chief of Police or other high-ranking Officer make a diligent search
          for the following records related to the Detaining and Transporting Officers: citizen
14        complaints; use of force records; arrest records; injury records for detained or arrested
          persons; annual reports of the Citizens Review Board on Police Practices; and Internal
15        Affairs Annual Reports, if such reports exist (p.8, l.23-p.9, l.8);

16   •    File a declaration from the Assistant Chief of Police or other high-ranking officer
          explaining the diligent search that he or she conducted (p.9, ll.9-13);
17
     •    Produce all responsive documents from the renewed search (p.9, ll.11-13);
18
     •    Produce unredacted versions of the Internal Affairs Reports already produced and any
19        produced as a result of the renewed search (p.9, l.25-p.10, l.4); and

20   •    Pay Plaintiff sanctions, as required by Federal Rule of Civil Procedure[1] 37, in the amount
          of $8,250 (p.12, ll.1-3).
21

22   Aug. 28 Order, Doc. No. 57.  The court also ordered Plaintiff to reimburse the City for copying costs in

23   the amount of approximately $1,500.  *Id.* at p.12, ll.4-7.

24         Instead of complying with the August 28 Order and paying the sanctions, the City filed this

25   motion for reconsideration.

26   / / /

27

28        [1]Unless otherwise noted, future references to "Rule" will be to the Federal Rules of Civil
     Procedure.

                                               2                              08cv1515 MMA (NLS)

# DISCUSSION

## Legal Standard.

The City initially asked this court to reconsider the August 28 Order under Civil Local Rule 7.1(i).  Plaintiff analyzes this motion for reconsideration under Rule 59(e).  In reply, the City asks that the court additionally reconsider the August 28 Order under Rule 60(b). The requirements of Rules 59(e) and 60(b) only apply to motions attacking final, appealable orders.  *U.S. v. Martin*, 226 F.3d 1042, 1048 (9th Cir.2000).  The August 28 Order is not a final, appealable order.  The proper standards for reconsideration are set forth in Rule 54(b) and Civil Local Rule 7.1(i).

Under Rule 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Proc. 54(b).  In the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i).  The rule requires that for any motion for reconsideration,

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge . . . an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) *what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.*

Civ. L.R. 7.1(i)(1) (emphasis added).

The court has "inherent jurisdiction to modify, alter, or revoke" all non-final orders, "absent some applicable rule or statute to the contrary."  *Martin*, 226 F.3d at 1049; *see Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 2705161 at * 1 (S. D. Cal. 2008) (relying on inherent authority).  Allowing such reconsideration "furthers the policy favoring judicial economy."  *U.S. v. Jones*, 608 F.2d 386, 390 n.2. (9th Cir. 1979).

## Analysis.

The City poses these issues in its motion for reconsideration:

/ / /

1    &bull;    The City's discovery responses in light of the May 27 Order were substantially justified;

2    &bull;    The amount of sanctions awarded is unreasonable; and

3    &bull;    The court should modify the August 28 Order to eliminate the requirements that the City
          produce (a) "Annual reports of the Citizens Review Board on Police Practices, from 2004
4         to present" because those reports are publicly available on the City's website; (b) the "IA
          Annual Reports for [2004 to present], if they exist" because none exist; (c) a declaration
5         following a renewed search of McMurrin's Internal Affairs records because he was not
          the subject of three or more complaints in one year; (d) a declaration regarding
6         McMurrin's arrest records because a computer search had already been done; and
          (e) records related to the Transporting Officers because there is no allegation that their
7         records are incomplete.

8         In the initial motion papers, the City makes a single reference to Civil Local Rule 7.1(i) that

9    governs motions for reconsideration.  It then devotes over half of the moving papers to arguing why,

10   under Rule 37(b), its discovery failures were substantially justified and why the sanctions award was

11   unjust.  It is not until the reply brief that the City argues for reconsideration under one of the two

12   appropriate standards.  Plaintiff argues that no new developments in law or fact warrant the relief of

13   reconsideration.  The court agrees.

14        **1.    The Sanctions Order.**

15        The court noted in the August 28 Order that "[t]he City did not make any argument, either in the

16   opposition or at oral argument, to oppose the request for sanctions."  Aug. 28 Order, p.11, ll.17-18.

17   Nowhere in the opposition did the City argue that there was substantial justification for its discovery

18   responses, even though Plaintiff raised that specific issue in his motion.  Dkt. No. 40, p.9, ll.11-19.

19   Neither did it argue that an award of sanctions would be unjust.  *Id.*  Instead, it concluded its brief

20   opposition with this statement: "The City has complied in good faith with the Court's Order of May 27,

21   2009.  For the foregoing reasons Defendants submit that Plaintiff's motion should be dined [*sic*] as to

22   compliance and for sanctions."  Dkt. No. 48, p.5, ll.1-3.  Act oral argument, the City did not argue the

23   issue of sanctions even though given the opportunity:

24   The Court:    All right.  Is there anything further that anybody wants to add?  If not,
                   what I'm going to do is I'm going to go through the various categories
25                 of records and tell you how I'm going to rule relative to those
                   categories of records.  And, you know, the matter of sanctions I'm
26                 going to take under submission unless anyone wants to add anything to
                   their argument on sanctions at this time.

27

28   Burlison Decl., Ex. A, p.18, 11.8-15.  The City's attorney did not respond to the judge's invitation to

4

1    argue the sanctions issue, either at that point or at any point during the hearing.

2         The City now argues that sanctions are unwarranted because there was substantial justification

3    for its discovery responses.  Looking again at the record in the motion for compliance, the City's five-

4    page opposition briefly stated that documents it previously stated would be produced were actually

5    unavailable, and documents that were not thought available actually are available.  Aug. 28 Order, p.3,

6    ll.2-11; *see* Dkt. No. 48.  The City also relied on a non-binding state law case to argue that its redaction

7    of documents ordered produced was proper.  Dkt. No. 48, pp.3-4.  Further, to the extent the City did

8    produce responsive documents, most of them were produced after the court-ordered deadline and after

9    Plaintiff filed his motion for compliance.  Aug. 28 Order, p.3, ll.12-18.  Finally, while the City appeared

10   dissatisfied with the court's ruling on the underlying motion to compel and disobeyed the court's order,

11   the City never moved to reconsider that order nor filed objections with the district judge.

12        The City now argues a monetary award would be unjust because the amount requested was not

13   substantiated with documentation of counsel's work experience, time sheets and hourly rate as

14   commensurate with experience.  As explained, the City never contested the amount of Plaintiff's

15   requested sanctions, the hourly rate or the time spent on the motion.  The court found that awarding

16   Plaintiff's counsel's hourly rate for 10 hours to meet and confer and draft the entire motion and

17   supporting papers, and five hours to review the opposition and draft the reply, were reasonable.  The

18   conscience of the court was not shocked by a request for 15 hours to cover a meet and confer process

19   and the drafting of a motion and reply brief.  Neither was it shocked by the hourly rate of $550.  Further,

20   had Plaintiff asked for it, the court would have been well within its discretion to award sanctions for the

21   time that Plaintiff spent preparing for the oral argument that the City specifically requested, and the

22   costs for counsel to travel from San Francisco to attend that argument.[2]

23        The City's late attempt to argue substantial justification and unjust award of sanctions--without

24   showing any new or different facts and circumstances--is without merit.  The City waived all arguments

25   regarding sanctions when it failed to brief them in opposition to the motion for compliance, even though

26   Plaintiff raised those issues in his brief, and when it failed to address them at oral argument, even though

27   _____

28        [2]If the court were to re-open litigation on the sanctions issue, it would allow Plaintiff the
opportunity to attempt to recover costs for all the time and expenses involved, including for travel and
time related to attending oral argument.

1  given the express opportunity to do so.  Further, Plaintiff's assertion that Civil Local Rule 7.1(i) allows

2  it to raise facts that simply were not shown due to lack of diligence is unfounded, as explained in section

3  2 below.

4         **2.**      **The Order for a Renewed Search for Documents and Explanatory Declaration.**

5        The City argues that the court should reconsider the August 28 Order and eliminate the

6  requirements that the City renew its search for certain documents, produce any responsive documents,

7  and provide a declaration from a high-ranking SDPD Officer explaining the search conducted.

8  Specifically, the City argues that it should not have to search for and produce, if found, (1) annual

9  reports of the Internal Affairs (IA) Division or the Citizens Review Board; (2) IA records regarding

10  Sergeant McMurrin; (3) arrest, use of force and injury reports as they pertain to Sergeant McMurrin; and

11  (4) records regarding the Transporting Officers.  The City argues that Civil Local Rule 7.1(i) supports

12  the submission of evidence in the motion because the Local Rule allows for reconsideration of facts and

13  circumstances that simply "were not shown" in conjunction with the previous motion.

14        Here, the City misapprehends the intent of the rule.  Case law is clear that motions for

15  reconsideration are not intended to provide two bites at the apple:  "The overwhelming weight of

16  authority is that the failure to file documents in an original motion or opposition does not turn the late

17  filed documents into 'newly discovered evidence.'"  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

18  1263 (9th Cir. 1993) (citations omitted).  Although Civil Local Rule 7.1(i)(1)(3) does not specifically

19  limit the new facts to those that could not have been shown in the original application through the use of

20  reasonable diligence, strong policy reasons exist for such a restriction.

21        First, even though Rules 59(e) and 60(b) do not strictly apply, the policy concerning efficient use

22  of judicial resources carries through.  *Hansen v. Schubert*, 459 F. Supp. 2d 973, 998 (E.D. Cal. 2006); *S.*

23  *Yuba River Citizens League v. Nat'l Marine Fisheries Service*, 2009 U.S. Dist. LEXIS 42347, *7-*8

24  (E.D. Cal. 2009); *McConnell v. Lassen County*, 2007 U.S. Dist. LEXIS 60218, *3-*4 (E.D. Cal. 2007).

25  "While the standards for reconsideration of interlocutory orders may be less exacting than the standards

26  for reconsideration of final orders under Rules 59(e) and 60(b), . . . the court should look to the kinds of

27  consideration under those rules for guidance."  *S. Yuba River*, 2009 U.S. Dis.t LEXIS at *7 n.1 (quoting

28  *Doctor John's, Inc. v. City of Sioux City, IA*, 456 F. Supp. 2d 1074, 1076 (N.D. Iowa 2006)) (internal

1  quotations omitted).

2  Second, the court's interest in the conservation of judicial resources would be adversely affected

3  by allowing a party to bring a motion for reconsideration based on evidence that could have been

4  previously presented, but simply was not.  Motions for reconsideration should "*not* be used to raise

5  arguments or present evidence for the first time when they could reasonably have been raised earlier in

6  the litigation."  *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in

7  original) (citations omitted).

8  Third, "[n]either the Local Civil Rules nor the Federal Rule[s] of Civil Procedure, which allow

9  for a motion for reconsideration, [are] intended to provide litigants with a second bite at the apple."

10  *Verble v. 9th U.S. Dist. Court*, 2007 U.S. Dist. LEXIS 33026, *3 (S.D. Cal. 2007).  When looking at

11  "new or different facts or circumstances [that] are claimed to exist which did not exist *or were not*

12  *shown* upon such prior motion" under the local rule, the court imports the standards of Rules 59(e) and

13  60(b).  *S. Yuba River*, 2009 U.S. Dist. LEXIS at *7-*8 (emphasis added) (referring to a local rule on

14  motions for reconsideration in the Eastern District of California that is similar to the Southern District's

15  Civil Local Rule 7.1(i)); *Hansen*, 459 F. Supp. 2d at 998; *McConnell*, 2007 U.S. Dist. LEXIS at*3-*4.

16  Here, the City has already had two bites at the apple: the first being in opposition to the motion

17  to compel, and the second being in opposition to the motion for compliance.  In this motion for

18  reconsideration, the City relies exclusively on arguments that it could have raised in opposing either the

19  motion to compel or the motion for compliance.  The City does not cite to any new or different facts or

20  circumstances that did not exist at the time the City opposed and argued the two motions.  The court has

21  not seen any evidence that could warrant a third bite at the apple.  The City's affidavit of counsel

22  includes only facts that were known to the City by the time of the motion for compliance, if not earlier.

23  Further, the City's arguments ignore the court's primary concern in the August 28 Order: the

24  City's lack of diligence in conducting discovery.  The court expressed its concern with "the way the City

25  conducted (or failed to conduct) its discovery," and for that reason ordered the City to provide "a

26  specific declaration from a high-ranking official at the SDPD who must conduct and/or oversee a

27  renewed search of documents" so that he or she could confirm "the methods used to conduct the

28  searches and the results of those searches."  Aug. 28 Order, p.8, ll.14-17.  The court did not arbitrarily

1  issue these orders; it did so after reviewing and weighing all the evidence.

2        Even if the City's specific concerns were timely presented, they would still lack merit.  For

3  example, regarding the annual reports from the IA division and the Citizens Review Board, the RFP at

4  issue asked for "all audits or reviews of the SDPD's Internal Affairs Division" since 2001.  The City

5  responded that "no audits or reviews of the SDPD Internal Affairs Division are conducted."  That

6  statement--according to the City's website and subsequent statements--is untrue.  The City should

7  therefore produce the requested documents as ordered, even if some of them--as Plaintiff and the court

8  learned at a late stage in the game--might be equally available to Plaintiff.  Further, when the court

9  quoted from the IA Operations Manual, it left out the statement "in a twelve (12) month period" not by

10  mistake, but because the phrase was irrelevant to what was at issue.  At his deposition, Sergeant

11  McMurrin testified that he has been the subject of at least five, and possibly more, internal

12  investigations throughout his career.  He did not specify the time period of these investigations, so it was

13  not clear to the court that no three fell within a 12 month period.  A search of the City's records,

14  however, would verify whether any three fell within a 12 month period.  The same reasoning applies to

15  the City's argument that it should not have to renew its search for arrest, use of force and injury reports

16  for Sergeant McMurrin for the reason that it has already produced the records.  Again, the court ordered

17  the City to renew its search based on "the City's discovery shortcomings in this case[.]" Aug. 28 Order,

18  p.8, l.13.  Finally, the court's orders regarding the Transporting Officers stands: in the motion for

19  compliance Plaintiff argued that the records for those officers were incomplete, and the court ordered

20  the City to renew its search and produce records with regard to the Transporting Officers.

21        The court **DENIES** the City's motion for reconsideration.  The city must comply with all orders

22  in the court's August 28 Order no later than **November 9, 2009**.

23        **IT IS SO ORDERED.**

24  DATED:  October 26, 2009

25

26                           Hon. Nita L. Stormes

27                           U.S. Magistrate Judge
                         United States District Court

28

08cv1515 MMA (NLS)